# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| OWB REO, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PETER HOSKING,<br><br>    Defendant. | Case No. 12-cv-03744 NC<br><br>**REFERRAL FOR REASSIGNMENT; RECOMMENDATION TO REMAND**<br><br>Re: Dkt. No. 4 |

Plaintiff OWB REO, LLC initiated this unlawful detainer action in the Superior Court of California, County of Alameda. Defendant Peter Hosking, proceeding pro se, removed the action from state court based on federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441. OWB REO moves to remand the action asserting lack of subject matter jurisdiction. To date, Hosking has filed no opposition or statement of non-opposition as required under Local Rule 7-3.

As Hosking has not consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), this Court does not have authority to make a dispositive ruling in this case. Accordingly, the Court orders that this case be REASSIGNED to a District Court Judge. The Court RECOMMENDS that the action be REMANDED to state court as defendant's notice of removal fails to establish federal subject matter jurisdiction.

//

## I. BACKGROUND

This matter involves a residential unlawful detainer action brought by plaintiff OWB REO against defendant Hosking in California Superior Court. On Janury 3, 2012, OWB REO obtained record title to and the right to possession of the subject real property located at 3580 Klamath Street, Oakland, CA following a non-judicial foreclosure sale. Pl.'s Mot. Remand at 2, Dkt. No. 4. At that time, Hosking was a tenant/occupant of the subject property. *Id.* Hosking remained in possession of the property after the sale and has failed to surrender possession. *Id.*

On March 13, 2012, OWB REO filed this unlawful detainer action in the Superior Court of California, County of Alameda, Case No. RG12621730. Not. Removal, Ex. A (Complaint), Dkt. No. 1. Hosking appeared in the unlawful detainer action, filing a demurrer on April 24, 2012. *Id.* The action was set for trial on July 19, 2012. *Id.* at 3. On July 17, 2012, Hosking removed the action to federal court. *See* Not. Removal. In the notice of removal, Hosking asserts federal jurisdiction under 28 U.S.C. § 1331, on the grounds of federal question under the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. *See id.* at 2. OWB REO then filed the pending motion to remand asserting the complaint contains no federal question and that the removal was untimely and therefore improper. Pl.'s Mot. Remand at 5, Dkt. No. 4.

## II. DISCUSSION

**A. Federal Question**

Federal courts are courts of limited jurisdiction, and the court is presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A federal district court must remand a removed case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c);

*Gaus*, 980 F.2d at 566.

A defendant may remove a state court action to federal court if the federal court would have original subject matter jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction, or 28 U.S.C. § 1332, diversity jurisdiction.  28 U.S.C. § 1441.

For this court to have federal question jurisdiction, a plaintiff's' case must arise under federal law.  28 U.S.C. § 1331.  "A case 'arises under' federal law within the meaning of § 1331 if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citations omitted).  Under the "well-pleaded complaint" rule, the "federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'"  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (citing *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974)).

Here, the operative complaint alleges a single unlawful detainer claim.  *See* Not. Removal, Ex. A (Complaint).  Though Hosking alleges federal law defenses in both the answer and demurrer to the complaint, these defenses fail to create a federal question.  *See Provincial Gov't of Marinduque*, 582 F.3d at 1086-87.  Accordingly, the district court lacks subject matter jurisdiction over this matter.

**B.  Timeliness**

OWB REO further asserts that Hosking's notice of removal was not timely and for this reason the action should be remanded.  Pl.'s Mot. Remand at 5.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading.  28 U.S.C. § 1446(b).  Here, OWB REO filed the unlawful detainer complaint on March 13, 2012, and Hosking appeared in the matter on April 24, 2012.  *See* Mot. Remand at 6.  Hosking, however, delayed in filing the notice of removal until July 17, 2012.  *See* Not. Removal.  As Hosking failed to file

1  within the statutory time for filing a notice of removal, Hosking's removal was untimely.

## III.  RECOMMENDATION

As the Court lacks subject matter jurisdiction over this action, the Court recommends that the action be REMANDED to state court.  The parties may object to this recommendation within fourteen days of the filing date of this order.  Fed. R. Civ. P. 72(a); Civil L.R. 72-2.

IT IS SO ORDERED.

DATED: August 29, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge